**Jamie MEADE, Petitioner–Appellant,**

v.

**Fabian LAVIGNE, Respondent–
Appellee.**

No. 03–1899.

United States Court of Appeals,
Sixth Circuit.

June 11, 2004.

Rehearing En Banc Denied
Sept. 17, 2004.

Jamie Meade, Kincheloe, MI, pro se.

Laura Graves Moody, Brenda E. Turner, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before MARTIN and SUTTON, Circuit Judges; and WILLIAMS, District Judge.*

*ORDER*

Jamie Meade, a Michigan prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, following a jury trial, Meade was found guilty of first-degree murder, accessory after the fact to an assault with intent to commit murder, and possession of a firearm during the commission of a felony. Meade was sentenced to serve life imprisonment for murder and three to five years of imprisonment for accessory after the fact to be served concurrently with each other and consecutively to a two-year sentence of imprisonment for possession of a firearm. Meade subsequently filed a motion for a new trial, which the trial court denied following an evidentiary hearing. The Michigan Court of Appeals affirmed Meade's convictions on April 18, 1997, and denied his motion for rehearing on June 10, 1997. The Michigan Supreme Court denied Meade's application for leave to appeal on March 31, 1998, and denied his motion for reconsideration on July 28, 1998.

Meade subsequently filed a post-conviction motion for relief from judgment, which the trial court denied on July 19, 1999. Both the Michigan Court of Appeals and the Michigan Supreme Court denied Meade's delayed applications for leave to appeal on April 13 and December 21, 2001, respectively.

On December 26, 2001, Meade filed the instant petition for a writ of habeas corpus, in which he raised nineteen grounds for relief. The district court denied Meade's habeas corpus petition on May 30, 2003, and denied his motion for rehearing on August 4, 2003. The district court subsequently granted Meade a certificate of appealability on all nineteen grounds for relief. Meade has filed a timely appeal. He requests oral argument in his reply brief. He also requests appointment of counsel.

Because Meade's habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), our review of the case is governed by the AEDPA's provisions. *See Mason v. Mitchell*, 320 F.3d 604, 613 (6th

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

Cir.2003). Pursuant to the AEDPA, a writ of habeas corpus will not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" resulted in an unreasonable application of federal law or an unreasonable determination of facts based upon the evidence presented to the state courts. 28 U.S.C. § 2254(d)(1) and (2). A federal court may not find a state adjudication to be unreasonable unless "the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

In habeas corpus actions, we review a district court's legal conclusions de novo and its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999). Furthermore, factual findings made by a state court are presumed correct in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

After a study of the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in denying Meade's habeas corpus petition. Because the reasons why relief should be denied have been fully detailed by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose.

Accordingly, the request for oral argument and motion for appointment of counsel are denied and the district court's judgment is affirmed for the reasons stated by the district court in its opinion and order filed on May 30, 2003. Rule 34(j)(2)(C), Rules of the Sixth Circuit.